IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TOBY R. TRUSDALE,                )
                                 )
       Petitioner,               )
                                 )
                                 )  No. CIV-17-320-M
v.                               )
                                 )
B. M. ANTONELLI, Warden,         )
                                 )
       Respondent.               )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging on due process grounds the result of an institutional disciplinary proceeding conducted at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"), where he is confined. With his Petition and Memorandum of Law in support of the Petition (Docs. #1 and #2), Petitioner has presented copies of the relevant administrative record, including the Incident Report, Disciplinary Hearing Officer Report, and administrative grievance proceedings (Petitioner's Administrative Remedies)(Doc. # 3)). Respondent Warden Antonelli has responded to the Petition, and Petitioner has filed a Reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following

1

reasons, it is recommended that the Petition be denied.

Petitioner is serving a 240-month sentence for his conviction of Possession with Intent to Distribute methamphetamine and a consecutive 60 month sentence for his conviction of Possession of a Firearm in Furtherance of a Drug Trafficking Crime entered in the United States District Court for the Western District of Oklahoma, Case No. CIV-99-177-M.

In an Incident Report authored by FCI El Reno employee C. Spangler on January 24, 2015, Petitioner was charged with the institutional offense of Possession of Narcotics. The Incident Report includes the following description of the incident supporting the charge:

> At approximately 6:45 pm while conducting a cell search in D-Unit Cell 01-129, I found a white powdery substance inside of a plastic bag in the corner of a pillow case on the lower east bunk and (2) objects of what appeared to be homemade pipes inside of the lower south locker. The white powdery substance was tested using test kit NIK (G) and tested positive for cocaine. The operations lieutenant was notified.

Petitioner's Administrative Remedies (Doc. # 3), at 14. The Incident Report reflects that Petitioner received a copy of the Incident Report the following day, January 25, 2015. In the section of the Incident Report form provided for recording the "Comments of Inmate to Committee Regarding Above Incident," the report states "Inmate stated that he understood his rights. Inmate then stated that it was soap."

<u>Id.</u>

A hearing was conducted before a disciplinary hearing officer ("DHO") on February 2, 2015. The DHO's report of the hearing reflects that Petitioner appeared in person at the hearing, was advised of his rights by the DHO, waived his right to a staff representative, and denied the charge. Petitioner's defense to the charge was that the substance found in his cell was "soap from the laundry. I use it to brush my teeth." Petitioner's Administrative Remedies (Doc. # 3), at 16.

The DHO found Petitioner guilty of the offense as charged. As reasons for the finding, the DHO stated in the Report that the finding was based on

> the reporting officer's written statement that on January 24, 2015, at approximately 6:45 PM, he was conducting a search of your assigned cell in the housing unit. Inside of this cell he found a plastic bag containing a white powdery substance in a pillow case and homemade pipes in the lower south locker. The white powdery substance tested positive for cocaine using the NIK (G) test kit. To the investigating Lieutenant and the UDC you stated that it was just soap. To the DHO you stated that it was just soap that you had taken from the laundry and used it to brush your teeth. You further stated that you had been in for 16 years and didn't touch drugs. You did not present any exculpatory or documentary evidence for the DHO to take into consider[ation] on your behalf. Therefore, based on a greater weight of evidence, the DHO finds that you committed the prohibited act(s) possession of drugs, Code 113.

Petitioner's Administrative Remedies (Doc. # 3), at 17. As punishment, 40 days of good conduct time was forfeited. Other punishment included 30 days of confinement in disciplinary segregation, suspended, and 180 days loss of

3

commissary and email privileges. A copy of the DHO's report was provided to Petitioner following the hearing.

Petitioner appealed the disciplinary decision, arguing that the NIK field test with no secondary testing of the substance found in his cell was insufficient to support the finding of guilt. Petitioner also asserted that the Bureau of Prisons' Program Statement 6060.08, <u>Urine Surveillance and Narcotic Identification</u>, required a second test of a substance found in an inmate's cell. These arguments were rejected. With respect to his argument that a second test was required under prison policy, Petitioner was advised by the Regional Director that "[t]he section you quote from policy is in reference to urine sample screening and confirmation. For the identification of drugs, Narcotic Identification Kits (NIKs) are utilized and policy does not mandate a second confirmation test to be conducted." Petitioner's Administrative Remedies (Doc. # 3), at 4. The disciplinary decision was affirmed, and his appeal of the disciplinary action was denied.

Petitioner now seeks federal habeas relief concerning the disciplinary conviction and punishment imposed for the conviction. Petitioner contends that his due process rights were violated because the prison officials did not conduct a second test on the substance found in his cell "by an outside lab" to determine whether the substance was actually cocaine. Petitioner contends that he adamantly stated the

4

white powder found in his cell was bleach used to clean his dentures, that "the same white soap/bleach is currently being used by the laundry department here at F.C.I. El Reno," and that the Narcotics Identification Kit ("NIK") test may not have produced a reliable result. Thus, prison officials violated his due process rights by failing to conduct a second test of the substance before finding him guilty of the disciplinary offense. Respondent has asserted in response to the Petition that Petitioner's due process rights were not violated and the Petition should therefore be denied.

"It is well settled that an inmate's liberty interest in his earned credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007)(internal quotation marks and citation omitted). Because prison disciplinary proceedings "are not part of a criminal prosecution," however, inmates are not entitled to the full extent of the due process rights provided to defendants in criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his

5

defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1984). A finding of guilt that results in the revocation of earned credits must also be supported by "some evidence" in the record. Id.

"The 'some evidence' standard is not exacting." Mendoza v. Tamez, 451 Fed. App'x 715, 717 (10th Cir. 2011)(unpublished op.). In reviewing a disciplinary conviction challenged on due process grounds, the conviction will be upheld if there is "any evidence" or a "modicum of evidence" to support the decision to revoke good conduct credits. Hill, 472 U.S. at 455-56. "A disciplinary . . . decision can be upheld by a reviewing court even if the evidence supporting the decision is meager." Howard, 487 F.3d at 812 (internal quotation marks and citation omitted).

In this case, the record submitted by Petitioner shows that he received all of the process he was due in the disciplinary proceedings. Petitioner received notice of the charge, the opportunity to call witnesses and present evidence at a hearing, and a written record of the hearing that included reasons for the decision. Further, there was "some evidence" to support the imposition of punishment in Petitioner's disciplinary proceeding. The substance that formed the basis for the misconduct charge was found wrapped in a pillowcase in Petitioner's cell, and other drug-related paraphernalia was found in a locker in Petitioner's cell. Petitioner did not identify

any problems with the execution of the NIK test or any reason for the DHO to question the reliability of the test result. Under these circumstances, the denial of his request for a retest of the substance during Petitioner's disciplinary proceeding did not violate his due process rights.

A similar claim challenging disciplinary punishment for possession of illegal substances on the basis of a failure to retest the substance has been rejected by at least one circuit court. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898-99, n. 2 (5th Cir. 2000)(finding the inmate "identified no specific need for the retest (either by showing that the test is unreliable or that it was improperly administered) or any case law supporting a general right to retest positive drug results)" and there was "some evidence" supporting the disciplinary punishment). Moreover, the Tenth Circuit Court of Appeals has recognized in an unpublished decision that "[p]rison officials need not grant an inmate's request for an additional drug test to satisfy due process." Easter v. Saffle, 51 Fed. App'x 286, 289 (10th Cir. 2002)(unpublished op.). See Terry v. Dep't of Public Safety & Corr. Servs., 2012 WL 2564779 (D.Maryland 2012)(unpublished op.)(recognizing "a single positive drug test is sufficient evidence to support disciplinary action"). Petitioner has provided no support for his conclusory statement that "the bleach caused the false positive." Petitioner's Reply (Doc. # 13), at 6. Nor has Petitioner provided any legal or regulatory support for his

7

argument that prison officials were required to conduct a second test to confirm a positive NIK test result.

The only decision cited in his brief, Bolanos v. Coughlin, 1993 WL 762112 (S.D.N.Y. 1993)(unpublished op.), is a 42 U.S.C. § 1983 action that involved an inmate's due process challenges to two institutional disciplinary proceedings. In one of those proceedings a "white powder found in the plastic bag in [the plaintiff inmate's] locker was tested, using the . . . NIK test [which] indicated the presence of cocaine" and the inmate was charged with possession of narcotic based on this substance and the NIK test result. Id. at *2. In determining whether the officials who were involved in the disciplinary determination were entitled to qualified immunity, the district court recognized that "[t]he test performed on the white powder also provided sufficient evidence. Although this was only tested once prior [to] the hearing, and no confirmatory test was performed at that time, this is sufficient." Id. at 9. The unpublished decision in Bolanos does not support Petitioner's argument that the positive NIK test result of the substance found in his cell was not sufficient evidence in the absence of a retest of the substance.

Finally, contrary to Petitioner's arguments in his Reply, prison officials were not required to consider Petitioner's disciplinary history, and prison officials were not required to "investigate" his defense prior to imposing punishment. The Petition

8

should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 19th___, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___May___, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE